IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVIE WYRE, (TDCJ #1858012) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-cv-1401 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Stevie Wyre, seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254. He has filed a motion for leave to proceed *in forma pauperis*. After considering all of the pleadings, and the applicable law, the Court dismisses this case because Wyre does not have the necessary permission to file it, meaning that this Court has no jurisdiction. The reasons are explained below.

**I.    Background**

Wyre is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division as the result of his 2013 conviction in Harris County Cause Number 1364440. Wyre pleaded guilty to one count of aggravated sexual assault of a child younger than fourteen years of age and was sentenced to a 25-year prison term. The First Court of Appeals of Texas affirmed Wyre's conviction on direct appeal. *Wyre v. State*, No. 01–13–00414–CR, 2014 WL 4345199 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Wyre has filed two applications for a state writ of habeas corpus under Article 11.07 of the

Texas Code of Criminal Procedure; the first application was dismissed by the Texas Court of Criminal Appeals, and the second application was denied without written order on the findings of the trial court. *See Ex parte Wyre*, Application Nos. WR-83,236-01, WR-83,236-03.

In a federal habeas corpus petition dated April 25, 2018, Wyre contends that he is entitled to relief on the following grounds: (1) trial court error; (2) ineffective assistance of trial counsel; and (3) cumulative error. Court records reflect that Wyre has filed a previous federal habeas corpus petition to challenge the same 2013 conviction for aggravated sexual assault of a child. *See Wyre v. Davis*, Civil No. 4:16-cv-0681 (S.D. Tex. 2016) (petition dismissed as procedurally barred and on the merits). The Fifth Circuit Court of Appeals denied Wyre's motion for a certificate of appealability. *Wyre v. Davis*, No. 16-20745 (5th Cir. Aug. 7, 2017). He has not sought permission to file this petition.

## II. Discussion

The pending petition Wyre filed in this case is an unauthorized successive application under 28 U.S.C. § 2244(b). Before a second or successive application can be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If the pending petition is a successive writ, this Court has no jurisdiction to consider it without prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). A later application is successive when it: (1) raises a claim challenging the conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ. *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Wyre fails to demonstrate why he could not have raised the claims he raises here in his original federal habeas petition. Indeed, Wyre's claims are similar, if not identical, to those raised in his prior petition. *See Wyre*, Civil No. 4:16-cv-0681, Docket Entry No. 1, at 6–7. The pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court on its own motion. *See Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, Wyre must seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Absent this authorization from the Fifth Circuit, this Court lacks jurisdiction over the petition. *Id.* at 775. It must be dismissed as an unauthorized successive writ.

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether Wyre stated a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. Wyre's motion for leave to proceed *in forma pauperis,* (Docket Entry No. 3), is **GRANTED**.

2. The habeas corpus petition is **DISMISSED** without prejudice, for lack of jurisdiction as an unauthorized successive application.

4. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on     MAY 1 1 2019                    .

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE